UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLIFFORD WILLIAMS (#123285)** | **CIVIL ACTION** |
| **VERSUS** | |
| **CHARLENE HAYDEL, ET AL.** | **NO. 07-0062-C-M3** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

**Signed in Baton Rouge, Louisiana, on May 28, 2008.**

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLIFFORD WILLIAMS (#123285)                                            CIVIL ACTION

VERSUS

CHARLENE HAYDEL, ET AL.                                                 NO. 07-0062-C-M3

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court in connection with the defendants' Motions to Dismiss, rec.doc.nos. 24, 105 and 112, the defendants' Motions for Partial Summary Judgment, rec.doc.nos. 26 and 94, and the plaintiff's Motions for Partial Summary Judgment, rec.doc.nos. 53 and 109.

The pro se plaintiff, an inmate previously confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Charlene Haydel, Jonna Nickens, Lora Rodriguez, Donald Johnson and Michael Hegmann, complaining that the defendants violated his constitutional rights through deliberate indifference to his serious medical needs. Specifically, the plaintiff contends that although he is allergic to many foods, the defendants did not take proper precautions to ensure that his diet was responsive to his medical needs.

Addressing first the defendants' Motions for Partial Summary Judgment, the defendants assert, relying upon certified copies of the plaintiff's administrative remedy proceedings, that the plaintiff has failed to exhaust administrative remedies relative to certain of his claims. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to the institution of suit in federal court relative to prison conditions. This provision is mandatory and allows for no exceptions. Further, pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence.

Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Upon a review of the plaintiff's Complaint, together with a review of the plaintiff's administrative remedy proceedings filed into the record, it appears that the defendants' motion is well-taken in certain respects and that certain of the plaintiff's claims have not been exhausted through the administrative process. For example, whereas the plaintiff has named Donald Johnson as a defendant in this proceeding and has alleged that defendant Johnson failed to take appropriate measures to ensure that the plaintiff's food was properly prepared, none of the plaintiff's administrative grievances assert this claim. Accordingly, the plaintiff's claims against defendant Johnson should be dismissed for failure to exhaust administrative remedies.

Similarly, it appears that the administrative grievances commenced by the plaintiff which specifically complain of the actions of defendant Dr. Michael Hegmann, ARP Nos. EHCC-2006-0052 and EHCC-2006-1599, were rejected as having been submitted in improper form and, since they were never re-asserted, were never completed through the administrative process. Accordingly, it is appropriate that the plaintiff's claims against defendant Hegmann be likewise dismissed.

In contrast, the Court finds that the plaintiff has adequately asserted his claims against defendants Jonna Nickens, Charlene Haydel and Lora Rodriguez. Specifically, in ARP No. EHCC-2006-1201, the plaintiff asserted that he complained to defendant Nickens on numerous occasions that he was experiencing serious allergic reactions in response to his diet and that he needed a special diet, but that defendant Nickens refused to order same and refused to provide the plaintiff with an antihistamine for use during an allergic reaction. Both defendant Rodriguez and defendant Haydel responded to this grievance, advising that the prison's medical department and provider were "both looking into this matter ... to see if further treatment or diet is necessary." The plaintiff then appealed this grievance to the second step in the administrative process, asserting that there "hasn't anything been done for me", that no special diet had been provided, that he was still having

allergic reactions, and that he had never been allowed to see a physician. Further, in ARP No. EHCC-2006-1246, the plaintiff specifically complained of defendant Haydel's alleged medical indifference, asserting that despite many requests, a proper diet was not being provided, and the prison was not attending to his serious medical needs. These grievances adequately assert the plaintiff's claims against these three defendants, and the motion for summary judgment should be denied with respect thereto.

Turning next to the defendants' motions to dismiss, Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a Complaint if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Id., quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, __ U.S. __, __ U.S. __, 167 L.Ed.2d 1081 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, it is necessary, in order to provide the "grounds" of "entitle[ment] to relief," that a plaintiff furnish "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there was no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra.

See also Bell Atl. Corp. v. Twombly, supra.  Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, the plaintiff asserts that he arrived at EHCC in December, 2005, and that his medical records at that time reflected that he was seriously allergic to wheat, yeast, peas, fish and bananas.  He alleges that he specifically informed defendant Nurse Nickens of his condition.  Notwithstanding, on August 16, 2006, the plaintiff was seen by Nurse Nickens and was allegedly told by this defendant that, notwithstanding his requests, a special diet termed the "avoidance diet" could not be provided because no such diet was available at EHCC.  The plaintiff complains that he was not allowed to see a physician or an allergy specialist and was required to eat food which made him sick.  In fact, the plaintiff alleges that defendant Haydel informed the plaintiff's brother in September, 2006, that it would be impossible to satisfy the plaintiff's needs because he was allergic to so many different things.  It was not until October 24, 2006, almost a year after arrival at EHCC, that the plaintiff was seen by Dr. Michael Hegmann who specifically ordered the "avoidance diet" for the plaintiff.  Notwithstanding, the plaintiff complains that on a daily basis thereafter, his meal trays contained foods to which he was allergic, causing him to suffer itching, swelling, hives, headaches, stomachaches, and frequent bowel movements.

In response to the plaintiff's allegations, the defendants have raised the defense of qualified immunity.  Specifically, the defendants contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995).  As recently enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's

constitutional rights. Second, the district court must determine whether the rights allegedly violated were clearly established. This inquiry, the Court stated, must be undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful <u>in the situation which he confronted</u>. <u>Id.</u> In the instant case, the defendant asserts that the plaintiff's claim fails in the first instance because he has failed to allege facts in the Complaint which would support a finding that the defendant participated in any violation of his constitutional rights.

Undertaking the <u>Saucier</u> analysis, the Court concludes that at this stage of the proceedings, the defendants' motion must fail, and that the plaintiff's allegations overcome the assertion of qualified immunity. In this regard, the Eighth Amendment to the United States Constitution prohibits the wanton infliction of pain. <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a claim under the Eighth Amendment of improper or inadequate attention to medical needs, a prisoner must assert both that appropriate care was denied and that the denial constituted "deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, <u>supra</u>; <u>Johnson v. Treen</u>, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment or accommodation that he feels he should have is not the issue. <u>Estelle v. Gamble</u>, <u>supra</u>; <u>Woodall v. Foti</u>, 648 F.2d 268 (5th Cir. 1981). Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. <u>Varnado v. Lynaugh</u>, 920 F.2d 320 (5th Cir. 1991); <u>Johnson v. Treen</u>, <u>supra</u>. Rather, as stated in <u>Farmer v. Brennan</u>, <u>supra</u>, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

In the instant case, the plaintiff has specifically alleged that, notwithstanding the defendants' awareness of his serious allergies to multiple foods, he was not provided with an appropriate diet or allowed to see a physician until October, 2006, almost a year after arrival at EHCC. According to the plaintiff, defendant Nurse Nickens specifically advised the plaintiff that a diet meeting his

needs could not be provided for him, and defendant Haydel allegedly advised the plaintiff's brother, in a telephone conversation, that it would be "impossible" to provide a diet suitable for the plaintiff's condition. In addition, defendant Rodriguez was allegedly placed on notice of the plaintiff's difficulties through grievances and correspondence authored by the plaintiff to which she allegedly responded but without beneficial result.  These allegations adequately present the claim that the defendants were aware of and disregarded a serious medical condition faced by the plaintiff, and so, these allegations overcome the defendants' bare-bones assertion of the defense of qualified immunity, especially on a motion to dismiss, which is decided without benefit of competent evidence.

Finally, addressing the plaintiff's pending motions for summary judgment, the Court concludes that these motions also should be denied.  As previously noted, on motion for summary judgment, the focus of the Court is upon whether the evidentiary materials on file and in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(e).  The party who moves for summary judgment has the initial burden of informing the Court of the basis for his motion and identifying those parts of the record which he believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense." Little v. Liquid Air Corp., 939 F.2d 1293, 1299 (5th Cir. 1991), withdrawn and superceded on reh'g, 952 F.2d 841 (1992), reversed on reh'g en banc, 37 F.3d 1069 (1994)(per curium).

In the instant case, there is substantial medical documentation in the record which suggests that the plaintiff's medical complaints were addressed and were not ignored. The plaintiff concedes that he was provided with medication (an antihistamine) shortly after his arrival at EHCC and that in October, 2006, he was seen by a physician who issued a diet which was designed to address the plaintiff's condition. Although the plaintiff was clearly unhappy with the care provided to him prior to issuance of such diet, and although he was clearly unhappy with the manner in which the diet was implemented, the Court is unable to conclude, on the record before it, that the defendants' conduct amounted to deliberate medical indifference and that there is no issue of fact regarding the treatment and care provided. Accordingly, the plaintiff's motions for summary judgment should be denied.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendants' motions for partial summary judgment, rec.doc.nos. 26 and 94, be granted in part, dismissing for failure to exhaust administrative remedies the plaintiff's claims asserted against defendants Donald Johnson and Michael Hegmann. It is the further recommendation of the Magistrate Judge that the plaintiff's motions for summary judgment, rec.doc.no. 53 and 109, and the defendants' motions to dismiss, rec.doc.nos. 24, 105 and 112, be denied, and that this matter be referred back to the Magistrate Judge for further proceedings in connection with the plaintiff's claim that defendants Jonna Nickens, Lora Rodriguez and Charlene Haydel were deliberately indifferent to his serious medical needs by failing to provide an appropriate diet for his medical condition.

Signed in Baton Rouge, Louisiana, on May 28, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**